IRWIN N. NELMS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6419.   Promulgated December 17, 1926.

The evidence is insufficient to show that the Commissioner's determination of the value of stock acquired by gift in 1920 was erroneous.

*F. G. Masquelette, C. P. A.*, for the petitioner.
*F. O. Graves, Esq.*, for the respondent.

The Commissioner determined a deficiency of $391.20 for the calendar year 1922.  He determined that 216 shares of stock, when acquired by petitioner by gift in 1920, had a value of $86.38 and that a taxable profit was realized in 1922 when these shares were sold for $145 a share.  Petitioner claims that the 216 shares had a value of at least $150 a share at the time acquired in 1920.

### FINDINGS OF FACT.

Petitioner is a resident of Houston, Tex.  During the years 1918 to 1920 he became the owner of 360 shares of capital stock of the Nelms-Kehoe Dock Co. of Houston, as follows:

| Year acquired. | Number of shares. | Cost per share. |
|---|---|---|
| 1918 | 9 | $200 |
| 1918 | 50 | 107 |
| 1919 | 38 | 150 |
| 1920 (May 31) | 47 | 100% stock dividend. |
| 1920 July | 216 | Gift. |

The 216 shares last mentioned were acquired by petitioner in July, 1920, as a gift from his father.

In October, 1922, the properties of the Nelms-Kehoe Dock Co. were sold to the Shippers Compress Co. for $145,000, which amount equals $145 a share for the outstanding stock consisting of 1,000 shares. The petitioner, as the owner of 360 shares, received $52,200.  He reported a profit of $12,005 on the sale of this stock and the Commissioner held that the 216 shares acquired by gift in July, 1920, had a value at that time of $86.38 and increased the profit shown by the petitioner in the amount of $8,686.92.

The Commissioner's determination of value was arrived at by capitalizing the average net earnings of $6,911.75 for a period of five years prior to the date of acquisition of the 216 shares of stock at 8 per cent.

OPINION.

LITTLETON: The Board does not feel justified from the testimony of the three witnesses submitted by depositions in making a finding that the 216 shares of stock of the Nelms-Kehoe Dock Co. had a value in 1920 in excess of that determined by the Commissioner. The first witness based his opinion of a value of $150,000 for the properties of the corporation in 1920 upon statements made to him by someone else at some time not disclosed by the record. There is nothing to show that this witness was familiar with the property or the business in 1920 and he had never had any experience in dealing with such properties.

The next witness was a cotton broker. He stated that he was familiar with the property of the Nelms-Kehoe Dock Co. " just off hand " and gave it as his opinion that the value of the properties of that company was $150,000 in 1920.

The last witness, who was manager of the Shippers Compress Co., purchaser of the properties and the business of the Nelms-Kehoe Dock Co., stated that in his opinion the value of the properties in 1920 was equal to their value in 1922, plus the amount of two years' depreciation, and estimated that the value in 1920 was in excess of $150,000. The evidence does not show that this witness was familiar with the business and properties of the corporation in 1920.

We have no evidence concerning the assets or business of the Nelms-Kehoe Dock Co. at that date. There is some reference in the testimony of the witnesses to certain machinery and a lease which, in 1920, had four years to run, with the privilege of renewal for another period of ten years.

Looking to the price at which the stock of Nelms-Kehoe Dock Co. sold in 1918 and 1919 before the capital stock was increased from 500 shares to 1,000 shares, we find that the price paid for the stock in 1918 was equivalent to $53.50 a share, and the price paid in 1919 was equivalent to $75 a share after the stock dividend had been declared.

The familiarity of the witnesses with the property and business of the Nelms-Kehoe Dock Co. in the year 1920, as disclosed by the evidence, was so slight that their opinions of value are not entitled to sufficient weight to overcome the Commissioner's determination of value of the 216 shares of stock.

*Judgment will be entered for the Commissioner.*